IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN B. PINCKNEY,       *
                         *
    Plaintiff,         *      CIVIL ACTION FILE
                         *      NO. 1:03-CV-2326-HTW
v.                  *
                         *
ASSOCIATION OF AMERICAN  *
MEDICAL COLLEGES ("AAMC"),  *
                         *
    Defendant.        *

**PLAINTIFF'S STEVEN B. PINCKNEY'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE TO BE TRIED AND
STATEMENT OF ADDITIONAL FACTS WHICH PREVENT SUMMARY JUDGMENT**

**I.   INTRODUCTION AND OBJECTIONS**

Defendant Association of American Medical Colleges ("AAMC") has filed a motion for summary judgment and affixed a twelve (12) page document which it asserts is its statement of the material facts as to which there is not genuine issue of dispute to be tried. In this response, Plaintiff objects to the Defendant's statement as it does not constitute a statement of genuine <u>material</u> facts, and further contains many alleged facts which the Defendant is aware are in dispute or not established by the record.

In direct response, Plaintiff Steven Pinckney replies to each of Defendant's sixty-nine (69) numbered alleged material facts, and, then numbering consecutively from sixty-nine (69) and beginning with Paragraph seventy (70), states and asserts additional facts or additional disputed facts which prevent summary judgment. The Plaintiff follows the headings or categories

established by the Defendant, and, responds as follows:

## II.  RESPONSE TO STATEMENTS

Response to the numbered sixty-nine (69) paragraphs of alleged material facts:

### PARTIES

1.

Alleged Fact 1 is admitted as stated.

Plaintiff Steven Pinckney (hereinafter "Plaintiff" or "Steven Pinckney," or "S. Pinckney") also agrees with the notation identified in the footnote identified by AAMC.

2.

Plaintiff admits that Defendant Association of American Medical Colleges is a not-for-profit corporation and includes all of the 125 accredited medical schools. As to the rest of Paragraph 2, these are additional facts, and not material to this action, and except to the extent that the third sentence asserts that AAMC develops and administers the MCAT, which is admitted, is denied as written.[1]

### PLAINTIFF'S ACADEMIC BACKGROUND

---

[1]     Plaintiff took the deposition of Defendant AAMC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Dr. Julian, also an affiant on summary judgment was provided as the sole respondent. This deposition is moved into evidence herein. Plaintiff notes that in violation of its duties under Rule 26, Dr. Julian did not answer or said she was unable to answer many inquiries, or said she had no personal knowledge as to such questions. AAMC refused to provide another witness.

3.

Paragraph No. 3 is admitted as stated.

4.

Paragraph No. 4 contains multiple alleged facts.  The first sentence is admitted.  The second sentence is denied as stated, though it is admitted that certain grade reports were as stated. The third sentence is denied as stated, but in further answer, Plaintiff admits that in the first through third grade that he was not identified as a disabled person and did not receive formal accommodations, but denies that the activities which were later identified as accommodations, were not provided to him as they provided informally.

In addition, the Defendant has a footnote (No. 2), as to which Plaintiff cannot ascertain whether the note is intended to be included in the  statement of material facts or meant to define the terms in the statement of material facts or has some other meaning. To the extent a response is required as to footnote no. 2, Mr. Pinckney agrees that he had not been formally diagnosed with ADHD, and did not receive formal accommodations in school until such diagnosis, but notes specifically, that the Defendant and its experts admit that such formal diagnosis often does not occur until middle school or high school, or even until one is an adult, and states further, that Plaintiff received assistance and accommodation-like assistance prior to his formal diagnosis. *See,*

3

Sec. Declar. of S. Pinckney at §§ 15-17.

5.

Paragraph 5 is admitted as stated.

6.

Paragraph 6 is admitted as stated.

7.

Paragraph 7 is admitted as stated.

8.

In response to Paragraph 8, it is admitted that Mr. Pinckney was home-schooled by his mother, a certified teacher, from the fourth through the sixth grade.  It is admitted that he achieved academically in that particular setting, and it is denied that the assertion that he was "an "A" student," as stated in the paragraph, or that this is a material fact or a fact which can be evaluated to assert his academic achievement was without disability related symptoms as in the home environment with special attention, small group situation, specific and individual structure and modification were all provided for him.  *See*, Exhibit B, Declaration of S. Pinckney; Sec. Declar. of R. Pinckney.

9.

Defendant offers no evidence in support of its statement that these scores were obtained without accommodations. This test was administered during the course of home schooling, in which informal accommodations including untimed testing was common. Nevertheless,

4

this testing was not administered by Plaintiff or his mother Mrs. Pinckney and Plaintiff can neither admit or deny the circumstances or nature of the test administration.

10.

Statement No. 10 is admitted.

11.

The first sentence of this statement is admitted. The second sentence is admitted as strictly stated, though Plaintiff notes that this was a small private school with small classes, i.e., the graduating class had less than twenty (20) students, that the class for tests was a small group, and that the grades were based on many factors, not just tests.

12.

The first sentence of this statement is admitted. The second sentence is admitted as strictly stated, though Plaintiff notes that this was a small private school with small classes, i.e., the graduating class had less than twenty (20) students, that the class for tests was a small group, and that the grades were based on many factors, not just tests.

13.

Statement No. 13 is admitted as stated.  Plaintiff notes that the estimated range of scores is not as stated but is from the 86% to the 98%.

14.

The first sentence is admitted as stated, but Plaintiff states that Exhibit 11 has norms on it which are indicated as more significant or valid and one set of the other norms are in the range of 48 to 76%, and as to his peer group, are 33 to 72%. Def. Exh. 11.

15.

Statement 15 is denied as stated. It is admitted that Mr. Pinckney entered Pace for the 8th grade, but he was age appropriate for the 9th grade and he repeated the 8th grade. Sec. Declar. of S. Pinckney at § 15. Plaintiff believes this age differential and the impact on his grades and records is ignored by Defendant.

16.

Plaintiff admits the first sentence of Statement 16 and denies the second sentence. Plaintiff again notes he was repeating the ninth grade.

17.

Statement no. 17 is admitted, though Plaintiff again notes that he was repeating this grade.

18.

Statement no. 18 is denied as written. As Def. Exh. No. 13 reflects, Mr. Pinckney was removed from honor geometry and also had several other non-honor classes, and had no AP classes, a higher classification at Pace Academy at the time.  Def. No. 13.

19.

Plaintiff admits the first sentence of Statement 16 and denies the second sentence.

20.

Statement 20 is admitted though many of these statements have to do with his work ethic and willingness to work hard to complete tasks, which is not otherwise denied. As stated, Mr. Pinckney was excessively working to manage the material. Sec.  Declar. of R. Pinckney at §§ 9-11.

21.

It is denied this statement is supported by Def. Ex. 13. It is admitted Mr. Pinckney took these classes and also non-honors classes. Again, the honors classes were not the highest classification.

22.

Plaintiff admits the first sentence of Statement 22 and denies the second sentence. Sec.  Declar. of R. Pinckney at  .

23.

Statement 23 is admitted though many of these statements have to do with his work ethic and willingness to work hard to complete tasks, which is not otherwise denied. As stated, Mr. Pinckney was excessively working to manage the material. Records also reflect that Mr Pinckney was "frustrated" and this frustration was a product of the amount of work he was doing and that it was not

reflected in his grade. Def. Exh. 15; Sec.  Declar. of R. Pinckney at §§ 9-11.

24.

Statement 24 is admitted.

25.

Statement 25 is admitted though Plaintiff shows these are not all the tests or scores reported. Def. Exh. 17.

26.

It is admitted only that Mr. Pinckney was formally diagnosed with ADHD in 1997.

27.

It is admitted that Mr. Pinckney, consistent with the formal diagnosis in 1997, began receiving formal accommodations pursuant to an accommodation plan at Pace Academy in the eleventh grade in that year. It is denied that these were the first accommodations as he received informal accommodations prior to this time. Sec. Declar. of R. Pinckney at  .

**PLAINTIFF'S WORK EXPERIENCE**

28.

Paragraph 28 is admitted as stated.

29.

Paragraph 29 is admitted as stated.

30.

Paragraph 30 is admitted as stated.

31.

Paragraph 31 is admitted as stated.

32.

Paragraph 32 is denied as stated. Depo. of S. Pinckney at 29.
Mr. Pinckney worked as an intern for the Campus Crusade for Christ.

33.

Paragraph 33 is denied as stated.  Plaintiff admits that he
worked at Gap for three (3) months and that he then worked at Home
Depot during the time stated at this deposition.

34.

Paragraph 34 is admitted as stated, as the nature of these
part-time jobs did not require accommodations, and as a matter of
law, a disabled person may elect not to seek accommodations on the
job which requires disclosing the existence of a disability.

**PLAINTIFF'S PSYCHOLOGICAL EVALUATIONS**

35.

Paragraph 35 is admitted as stated as to the statement and not
the parenthetical. The parenthetical is gratuitous and unsupported
by the citation provided.

36.

Paragraph 36 is denied as stated.  Dr. Crawford's diagnostic
conclusions are set out in his report and he explained these in his

deposition at 75-84, 137-139.  In further explanation, Dr. Crawford wanted to rule out concerns with attention, depression and anxiety, prior to reaching a formal diagnosis of ADHD.  Depo. of Crawford at 137-139.[2] At the initial conclusion of the testing, Dr. Crawford wanted to rule out other causes of the symptoms, and therefore quite correctly reserved a final diagnosis. *Id.;* Declar. of Dr. Crawford.

37.

Statement 37 is denied as stated, in that denial it is misleading as addressed in the answer to No. 36 and footnote No. 2 below.  It is admitted that Dr. Crawford later ruled out other causes of the ADHD symptom and concluded pursuant to professional standards that Mr. Pinckney had the condition of ADHD, and further admitted that he so stated that this was a clarification of the confusion of the issue as referenced in a later letter endorsing his professional opinion that Steven required accommodations due to his disability. Def. Exh. 18.

-------------

This is an example where the facts are slightly turned to imply something which is untrue or misleading.  As the evidence undisputably establishes diagnosis has certain steps to it and this includes, when one is evaluating for ADHD, ruling out other causes of the behavior which would be symptomatic of ADHD.  *See,* It is proper and not inappropriate to resolve whether the symptoms are being caused by the ADHD or caused by something else.  Crawford Depo at 137-139.  It does not lessen in any regard the strength or accuracy of the later diagnosis of ADHD, when the psychologist takes a period of time to rule out alternate causes, and then establishes that the alternate causes were not causes of the symptoms, allowing the psychologist to conclude that the symptoms were symptoms of ADHD.

38.

Statement 38 is admitted.

39.

Statement 39 is admitted as stated, as that is one of several statements in the evaluation but it is not Dr. Crawford's sole or only conclusion. He concluded that Plaintiff had "ongoing symptoms of [ADHD] combined type, [and] [a]ssociated weakness in working memory and executive skills functioning ... [and] a specific weakness in the area of processing speed ..." Def. Exh. 2 at 8.

40.

Statement 40 has two sentences.  Sentence No. 1 is admitted. Sentence No. 2 is admitted as stated but it is misleading.  Dr. Walter's evaluation in June 2003 was conducted pursuant to the Defendant AAMC guidelines, requiring psychological evaluation by a competent and licensed examiner in the application process for accommodations from AAMC. Exh. R; Exh. G.

41.

Statement 41 is denied as stated.  It is admitted that Dr. Walters administered a number of psychological tests, as apart of his neuropsychological evaluation of Mr. Pinckney in the 2003 evaluation.  It is denied that he "ran a series" of such tests, and it is noted that Dr. Walters conducted other substantial activities including the personal administration of the testing regime. Dr. Walter's testing followed and meet AAMC guidelines. Def. Exh. 3;

Exhibit R; Exhibits G, G-1 and G-2.

42.

Statement 42 is admitted as stated.

43.

Statement 43 is denied. Def. Exh. 3.

44.

Statement 44 is denied as stated, as it is confusing and the reference is unclear, requiring an assumption that it is related to Paragraph 43. Plaintiff notes that the psychological evaluation is in the record and the test scores there are clear and include other test subtests in a deficient range. Def. Exh. 3

**THE MCAT EXAMINATION AND PLAINTIFF'S ACCOMMODATION REQUESTS**

45.

Statement 45 is admitted as stated.

46.

Statement 46 is denied as stated, as it is not clear what "pertinent information" means, but it is admitted that there is a document as identified in the request, title "MCAT Essentials," and that contains information for examinees.

47.

Statement 47 is denied as stated.  It is admitted that AAMC states it will make testing accommodations available on the MCAT for individuals with disabilities as defined by the ADA, and as asserted in the Julian affidavit cited herein, it is denied that AAMC actually does this, and its failure to provide accommodation for the Plaintiff, a disabled person as described by the ADA, is the ultimate issue in this litigation.  As to the denial of accommodations to Steven Pinckney, *see*, e.g., Declarations of Walter, Havens, and Crawford.

48.

Statement 48 is admitted as stated.

49.

Statement 49 is admitted as stated.

50.

Statement 50 is admitted as stated.

51.

Statement 51 is denied as stated.  It is admitted that Plaintiff Steven Pinckney did not take the April 2003 administration of the MCAT, but, this was not a choice he had, as, the question concerning his disability and accommodations was not resolved and as AAMC had wrongfully denied the request for accommodations.  *See, E.g.*, Complaint, Paragraph 23; Depo. of S. Pinckney.

13

52.

Statement 59 is admitted as stated.

53.

Statement 53 is admitted as stated.

54.

Statement 54 is denied as stated, as the spring 2003 submission was a re-submission as Mr. Pinckney had submitted his request and information in October 2002 but this was returned to him and not reviewed by Defendant.

55.

Statement 55 is admitted as stated.

56.

Statement 56 is admitted as stated.

57.

Statement 57 is admitted as stated.

58.

Statement can neither admit nor deny Paragraph 58 as it contains insufficient information to allow the Plaintiff accurately understand the inquiry.  Assuming that the inquiry is directed to Paragraph 57, and the request for accommodations for the August 2003 administration of the MCAT, with that understanding, Statement 58 is admitted.

59.

Paragraph 59 is denied as strictly stated, as AAMC testified

it contracts with others and always relies on them.  AAMC Depo. at
.

60.

Statement 60 is denied as stated.  It is admitted that Murphy
and Dr. Gordon were asked to review Mr. Pinckney's materials. It is
further shown that a Dr. Frank Gersh, Ph.D., reviewed the
application for accommodations for AAMC and ACT and concluded that
Mr. Pinckney <u>had</u> the disability of ADHD, but he denied
accommodations on the improper and discriminatory ground that there
was no evidence as to how poorly Mr. Pinckney would perform if all
testing accommodations were taken from him. Plaintiff's Exh. P.

61.

Statement 61 is admitted as stated.

62.

Statement 62 is admitted as stated, though, this was not the
full conclusion identified by Dr. Gordon.

63.

Statement 29 is admitted as stated.

64.

Statement 64 is admitted as stated, though this was not the
full conclusion of Dr. Murphy.

65.

Statement 65 is admitted as stated.

15

66.

Statement 66 is denied as stated as it is not a complete fact and its drafting makes it hard to admit. It is admitted that Plaintiff was denied accommodations.

67.

Statement 67 is admitted as stated.

68.

Statement 68 is admitted as stated with the clarification this is at the Suwannee, Georgia campus.

69.

Statement 69 is denied as stated. Mr. Pinckney's testimony is that he will not re-take the MCAT unless it is accommodated, and if allowed accommodations would then consider taking the test. Depo. of S. Pinckney at 27 and 152-153.

**III. PLAINTIFF'S STATEMENTS OF UNDISPUTED FACT AND DISPUTED FACTS WHICH PREVENT SUMMARY JUDGMENT**

**A. Defendant's Assessment of Disability and The Determination of a Condition and Impairment is a Judgment and Opinion Upon which Professionals can Differ**

70.

The determination of whether someone has ADHD is an exercise in clinical judgement. Depo. of Murphy at 41-42; AAMC Depo. at 33. There is always ample room for uncertainty in this subjective diagnosis. Depo. of Murphy at 156-157.

71.

Qualified professionals may evaluate the same data differently and have different opinions as to whether someone has a condition such as ADHD or a disability under federal law. Depo. of Murphy at 42-43; Declar. of Crawford; AAMC Depo. at 33.

72.

There are disagreements in the professional from appropriate professionals concerning accommodations for the ADHD individual. Depo. of Murphy at 55-56. There is not a great deal of research on the issue. *Id.*

73.

One appropriate guideline for determining the appropriateness of accommodations and their selection is to ask the individual and determine if such accommodations have been successful in the past. Depo. of Murphy at 56.

74.

In making a decision concerning a person's status as a disabled person and accommodations, if the professional has any questions he/she should ask the individual for information. Depo. of Murphy at 57. This would include asking to interview or evaluate the applicant. *Id.*

75.

When a professional evaluates they are doing more than just administering tests, they are observing and conversing with the

individual and this is potentially valuable to the professional. *E.g.*, Depo. of Murphy at 66-67.

76.

A professional forming an opinion about an individual wants all the information they can get. Depo. of Murphy at 67.

77.

Defendant AAMC and Drs. Gordon and Murphy have never met, assessed, interviewed, observed Mr. Pinckney, or observed the evaluation of Plaintiff Steven B. Pinckney.  They were not discussed the evaluations with Drs. Walter or Crawford, Dr. Havens, or Dr. Luckie or Dr. Nathanson-Lippett, or Ms. McMillan. Depo. of AAMC at 153-159; Depo. of Murphy at 67-73, 74, 75.  They have not sought additional data.  Depo. of AAMC at 153-159.  All of these individuals have additional information as to whether Mr. Pinckney is a disabled person. Depo. of Murphy at 75.

78.

AAMC consultants do not make further inquiries because "that's not what I am asked to do," by AAMC, as these are just paper reviews. Depo. of Murphy at 73-74. Murphy's understanding is that his role is limited and this does not include further investigation. *Id.*

79.

The awarding of disability status to Plaintiff by Cornell University is to be considered as a relevant factor in addressing

disability and accommodation. AAMC Depo. at 154.

80.

In forming opinions about Mr. Pinckney, Dr. Murphy is not impacted and did not weight the determination made by Cornell University that Mr. Pinckney was disabled and impaired and required testing accommodations. Depo. of Murphy at 71-72. He "didn't give it much credence." *Id.* at 73.

81.

In its deposition, AAMC testified that it does not discount Cornell University's competency to make the disability and accommodation decision concerning Plaintiff. AAMC Depo. at 154.

82.

Despite AAMC's experts's rejection of the prior disability and accommodation decisions, he testifies that he (and others) must look at "whether they've had treatment, whether they've had accommodations in the past, what the impact or effect of those have been; whether sufficient rule-outs have been done ..." Depo. of Murphy at 78.

83.

Despite AAMC's admission that it is a factor, its experts rejects the prior disability and accommodation decisions made by the Educational Testing Service or ETS as to the SAT. Depo. of Murphy at 172.

84.

AAMC has <u>no</u> position on whether an individual will display the same level of dysfunction in all settings, or at all times in the same settings. AAMC Depo. at 168.

85.

AAMC has <u>no</u> position on whether a person with ADHD may show minimal signs of the disorder or the symptoms may be absent when he is receiving frequent rewards and under close supervision. AAMC Depo. at 168.

86.

AAMC asserts that in its consideration of a person with a disability:

> "Multiple view points need to be considered and balanced. We carefully consider the issues of fairness for each applicant requesting accommodations, as well as for all other participant's assessment."

*E.g.*, Exhibit X, Stientjies to Pinckney, March 6, 2003 (Plaintiff's Exhibit 18, Depo. of AAMC).

87.

AAMC on cross-examination in deposition admits that its evaluators must only assess the file and must have no other considerations in play at the time of determining whether a person is disabled and in need of accommodations. AAMC Depo at 193.

88.

Plaintiff's contract and his application for disability accommodations does not identify, assert or imply that AAMC will "balance" his needs and data with third parties or other external considerations. *See*, *e.g.*, "MCAT Disability Accommodations," Def. Exhibit 12, Depo of AAMC 133; Exhibit R.

**B.   Mr. Pinckney has a Disability and Impairment.**

89.

AAMC has not shared with Drs. Gordon or Murphy the behavior of Plaintiff Pinckney, which it observed at Mr. Pinckney's deposition relating to behavior and symptoms caused by his disability, ADHD. Sec. Declar. of S. Pinckney at § 6.

90.

Drs. Gordon and Murphy submit affidavits based upon an incomplete review of the records, and they fail to identify with specificity the material they have reviewed. Affidavits of Gordon and Murphy; Depo. of Murphy at 26, 27-29(failing to identify all available records and all affidavits and declarations and none of depositions).

91.

At Mr. Pinckney's deposition, he became distracted, had difficulty tracking or following questions tendered to him, was restless, and could not proceed or answer questions effectively, despite his best efforts and high intelligence, without requiring

frequent breaks and repetitive questioning.  In the afternoon, he required a significant break when he failed to track the questioning, associated with his walking around the office parking lot to settle his restlessness and hyperactivity. Sec. Declar. of S. Pinckney at § 6; Depo. of S. Pinckney at 85-89.

92.

AAMC has no basis for contesting or questioning the veracity of Mrs. Rebecca Pinckney. AAMC Depo. at 163.

93.

AAMC has no basis for contesting or questioning the veracity of Mr. Fred Pinckney. AAMC Depo. at 163.

94.

AAMC has no basis for contesting or questioning the veracity of Mrs. Sarah Pinckney, formerly Sarah Daniels. AAMC Depo. at 163.

95.

AAMC has no basis for contesting or questioning the veracity of Mr. Steven Pinckney. AAMC Depo. at 164.

96.

AAMC has no basis for contesting or asserting that the statements of Mrs. Rebecca Pinckney, Mr. Fred Pinckney, Mrs. Sarah Pinckney (Daniels) concerning Steven and the current manifestations of his disability are not true and accurate. AAMC Depo. at 165.

97.

Mrs. Rebecca Pinckney described and observed Steven Pinckney exhibiting signs of symptoms of disability prior to the age of seven (7) in multiple environments. Declar. of Rebecca Pinckney at §§ 8-9; Exhibit S.

98.

Mrs. Rebecca Pinckney described and observed Steven Pinckney exhibiting signs of symptoms of disability in multiple environments during high school and while in college. Declar. of Rebecca Pinckney at §§ 8-9; Exhibit S.

99.

Ms. Sarah Daniels, now Sarah Pinckney, observed and described the symptoms and impact of Steven's ADHD disability at home, in the community, while shopping, at church, while cooking, while studying and in regard to multiple tasks and multiple environments. Declar. of Sarah Daniels at §§ 8-9; Depo. of Sarah Daniels Pinckney at 31-49.

100.

In Defendant AAMC's assessment of Plaintiff's application for accommodations in the Spring of 2003, its reviewer determined that Mr. Pinckney as the:

"applicant clearly has ADHD."

Review of Dr. Frank S. Gersh, Ph.D., Exhibit P (Exhibit 19 to the depo. of AAMC, AAMC 000010).  This assessment concluded that Mr.

23

Pinckney performed significantly below the required performance level and that "he has had accommodations all through school," and that the "[p]eople who know him, including the applicant, say he needs them even while on medication."  Dr. Gersh identified that AAMC/ACT did not know how Mr. Pinckney would do without accommodations as "[p]art of the problem is that he began having accommodations before he started medication at age seventeen and they continued after so we do not know how he would do without them."  *Id.*[3]

101.

On the assessment by Dr. Gersh that Mr. Pinckney had a significant disability, AAMC still stated it would deny Mr. Pinckney accommodations.  *Id.*

102.

Defendant and its assessors and evaluators conflict on the criteria to use for the determination of whether an individual has

---

[3]    There were other exhibits in AAMC's assessment files of the Plaintiff. AAMC Pl. Exh. 24 was identified at Defendant's deposition from this file with unusual notations (perhaps due to the existence of the diagnosis and other supportive evidence, perhaps due to other factors), but AAMC would not explain or address this, and would not provide a witness who would. AAMC Depo. at 232-233.  AAMC refused to produce another witness on this specific line of questioning. *See also, id.* at 234 (cannot testify about Dr. Lamb and what he did), and *id.* at 235 ("[t]here may be other people ... whom they asked to do a review. I'm not certain."

When AAMC was asked if Mr. Pinckney should have a right of access to all evaluations, AAMC said it was not prepared to take a position on that, no "kneejerk" reactions. *Id.* at 206-207.

24

a disability. Dr. Murphy testified that he is assessing how one tests and the impact on testing, Depo. of Murphy at 79, though his affidavit does not address testing and how Mr. Pinckney tested, and he excludes testing one the definitions of "impairments" and he says these are restricted to the identified seven impairments in the regulations and statute.  Depo. of Murphy at 80-81.

**B.    The MCAT and the AAMC's System for Determining Disability**

103.

The MCAT is not predictive of a person's performance or potential performance as a doctor. Depo. Of Murphy at 48-49.

104.

AAMC argued before the Court on preliminary injunction in this case that if Mr. Pinckney was disabled he would have difficulty in performing safely as a doctor. Hearing, on Motion for Preliminary Injunction (before Duty Judge). AAMC now concedes that this is not a factor or consideration relating to its test or the awarding of accommodations.

105.

AAMC did not set any explicit standard, rule or criteria for MCAT and/or its assessors in regard to its consideration of disability, including as to Plaintiff.  The affiants used by AAMC have not been provided or have identified for them any information, definitions, or guidelines concerning the definition and meaning of ADHD or of disability to allow them to use in this case. Depo. of

25

Murphy at 49-50. Dr. Murphy, by example, uses his own reading on the meaning of the law though he admits he is not an expert on the law. Depo. of Murphy at 43-45.

106.

Determining a person disabled and granting accommodations is an attempt at assuring fairness, leveling the playing field and to test the applicant on his knowledge, not his disability. E.g., Depo. of Murphy at 58, 60 (judge them on true ability); Exhibit R (AAMC Guideline).

107.

A person's disability can disadvantage the individual as to others on their actual test performance. Depo. of Murphy at 59.

108.

You look at how the disability impacts the person in actual testing situations to determine if they qualify as disabled and for accommodations. Depo. of Murphy at 60.

109.


It would not be fair to test a disabled person in the absence of accommodations for that disability. Depo. of Murphy at 61.

110.

The failure to provide accommodations can also adversely impact a person's motivation on the test and harm them emotionally. Depo. of Murphy at 62-63.

26

**C.   Mr. Pinckney is impaired and has ADHD.**

111.

A.   Test Taking

AAMC does not have a position on whether test taking is a major life activity.  AAMC Depo. at 228.[4]

112.

Test taking is a major life activity for individuals in the United States.  Tests address specific skills, requirements and basic functional responses which are particular to that specific

---

[4] AAMC's deposition was taken under Rule 30(b)(6) of the Federal Rules of Civil Procedure. This requires it to designate such witness or witnesses who can answer questions in identified areas. In the event that the particular witness cannot answer a particular question, the defendant entity is required to provide another witness. In this case, AAMC refused to do this though its one designated witness, Ms. Julian (also an affiant on its motion) could not answer a number of inquiries.

During questioning AAMC also tendered objections to questions material to the issues and its own actions, asserting this was not within its (meaning this witness it has selected) personal knowledge. Thus, on the accuracy of reports and assessments it made of Plaintiff, and letters it wrote to Plaintiff about his application and disability, it ultimately said it did not have an opinion on their accuracy. *See*, e.g., Depo. of AAMC (Julian) at 223 (No position on ACT guidelines for determining disability), 226 (No position that content of July 21, 2003 denial letter to Mr. Pinckney is not accurate), 227-228 (No position on whether test taking is an impairment). AAMC does say that the list is "illustrative ... rather than an all exclusive list." This then directly conflicts with its affiants, who also were the assessors who denied Mr. Pinckney's appeal in 2003.

Plaintiff believes that this is a major life activity. This activity is not addressed as an undisputed material fact or independent consideration in this motion by Defendant.

activity.  AAMC Depo. at 227-229.

### 113.

Different skills apply to test taking than to learning. AAMC Depo. at 228.

### 114.

Impairments can impact people differently as to test taking than as to learning. AAMC Depo. at 228-229.

### 115.

There are different skills in obtaining classroom knowledge than in test taking. AAMC Depo. at 229.

### 116.

Impairments can impact grades differently than might impact test taking. AAMC Depo. at 229-230.

B.   Mr. Pinckney's Impairment.

### 117.

Plaintiff experiences significant limitations and impairments in the manner, duration and conditions in which he performs on test taking.  Sec. Declar. of S. Pinckney; Declar. of W. Walter at §§ 16-17.

### 118.

OMIT

### 119.

AAMC is not aware of anything about or concerning Pace Academy nor the nature, rigor or meaning of the grades it awards or awarded

Mr. Pinckney. AAMC Depo. at 157-158.

120.

OMIT

121.

In 2003, in its review of Mr. Pinckney's appeal concerning AAMC's denial of his status as a disabled person, AAMC stated that the evidence and history "appears mildly supportive of a diagnosis of ADHD-inattentive type." Exhibit Y, Stentjies to Zimring, Exhibit 23 of Depo. of AAMC.

122.

Plaintiff has significant problems in remembering, in listening, in shopping, in cooking, in sitting quietly in church, and other daily activities. Depo. of Sarah Pinckney at 31-49; Declar. Of Sarah Daniels; Declar. of Steven Pinckney.

123.

Despite medication and coping mechanisms Plaintiff has significant difficulty in the manner, conditions and duration of his learning and studying, including his test taking. Depo. of Sarah Pinckney at 31-49; Declar. of Steven Pinckney; Declar. of Sarah Daniels.

124.

Dr. Glen Havens, a treating psychiatrist with personal knowledge of Mr. Pinckney, has reached the professional judgment that Mr. Pinckney has adult Hyperactivity/Attention Deficit

29

Disorder, combined type. Exhibit I, Declar. of Dr. Havens at §§ 6,7,8, 11-12.

### 125.

Based on his knowledge of Mr. Pinckney and his professional judgment, Dr. Glen Havens has the opinion that Mr. Pinckney is a disabled person with a significant impairment in need of accommodations. Exhibit I, §§ 11-12.

### 126.

Dr. Mark Crawford, Ph.D., a licensed psychologist and qualified to render an opinion concerning a person's mental condition and disability has reached the opinion that Mr. Steven Pinckney has Attention-Deficient Hyperactivity Disorder-combined type. Depo. of M. Crawford at 75-77; Declar. of M. Crawford.

### 127.

Dr. Mark Crawford has concluded that Mr. Pinckney's ADHD is an impairment under the disability laws, requiring accommodations. Declar. of M. Crawford.

### 128.

Based upon his review of all the records, his personal knowledge of Mr. Pinckney and his personal evaluation of Mr. Pinckney, Dr. Warren Walter, Ph.D., a licensed psychologist qualified to render an opinion concerning diagnosis and practicing neuro-psychology, has reached a professional conclusion that Mr. Pinckney has the impairment of Attention Deficient/Hyperactivity

Disorder-combined type.  Declar. of W. Walter at §§ 12-21; Exhibit G-2 (Report) at §§ 23-27.

129.

Dr. Walter has reached the conclusion that Mr. Pinckney qualifies for assistance as a person with a disability and requires accommodations. Declar. of W. Walter at §§ 12-21; Exhibit G-2 (Report) at §§ 23-27.

130.

Upon application, and based upon their personal knowledge, Pace Academy determined Mr. Pinckney was a disabled person qualifying for reasonable accommodations in testing and educational situations in regard to his disability.  Declar. of R. Pinckney at §§ 15-16.

131.

After evaluating Mr. Pinckney's evaluations and applications pursuant to the American's with Disability Act, the Educational Testing Service determined that Mr. Pinckney is a disabled person in need of testing accommodations.  Declar. of R. Pinckney at § 4.

132.

The Educational Testing Service granted Mr. Pinckney a quiet, distraction free environment and extended time to meet or ameliorate the adverse impact of his disability and impairment. *Id.*

133.

Upon application of Mr. Pinckney and review of his records, applying the standards of the American's with Disability Act, Cornell University determined that Mr. Pinckney is a person with a disability and an impaired disabled person under said Act, entitled to accommodations.  Exhibit O.

134.

Cornell University afforded Mr. Pinckney accommodations in both classroom performance and in testing situations, including extended time and distraction free test administrations. Exhibit O.

135.

The ACT is the contract agency for AAMC to determine whether individuals have disabilities upon application to AAMC for accommodations.

136.

The ACT, acting on behalf of itself and under the American's with Disability Act, found Mr. Pinckney to be a disabled person with the disability of ADHD, entitled to accommodations as to its test.  The ACT, acting for AAMC and on behalf of AAMC, determined that Mr. Pinckney was not disabled under the ADA and, therefore, was not entitled to accommodations, when it reviewed Mr. Pinckney's application for the MCAT. *E.g.*, Sec. Declar. of S. Pinckney at §§ 4-5, 8.

137.

Plaintiff had significant difficulties in taking the MCAT unaccommodated. He could not maintain concentration, he became distractible, he lost focus and attention and he had to rush through the test. Sec. Declar. of S. Pinckney at §§ 7, 10.

138.

Steven Pinckney repeated the eight grade prior to entering Pace Academy. He was therefore older than his peers.

139.

Plaintiff received informal accommodations in middle school and then in high school prior to being evaluated in 1997. Sec. Sec. Declar. of S. Pinckney at §§ 15-17.

Respectfully submitted this the 18th day of July, 2005.

This is submitted in Courier New, point 12.

Respectfully Submitted,
S/JONATHAN A. ZIMRING, Esq.

ZIMRING & SMITH, LLC            State Bar No. 785250
530 Means Street, Suite 420     Attorney for Defendant
Atlanta, Georgia 30318
404.607.1600/fax-404.607.1355
zimring@zlawyers.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN B. PINCKNEY,      *

                       *

    Plaintiff,       *     CIVIL ACTION FILE

                       *     NO. 1:03-CV-2326-HTW

v.                   *

                       *

ASSOCIATION OF AMERICAN  *

MEDICAL COLLEGES ("AAMC"),  *

                       *

    Defendant.       *

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing by electronic filing and in the United States Mail if required by Administrative Procedure, in an envelope addressed properly, with adequate postage affixed thereto, addressed as follows:

Carolyn Mew
801 Pennsylvania Avenue, N.W.
Washington, D.C.   20004-2623

This 18th day of July, 2005.

ZIMRING & SMITH, L.L.C.
S/JONATHAN A. ZIMRING
Georgia Bar No. 785250
Attorney for Plaintiffs

ZIMRING & SMITH L.L.C.
Suite 420, 530 Means Street, N.W.
Atlanta, GA 30318
*firm@zlawyers.com*
(404) 607-1600